UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN H. UNDERHILL,

                Plaintiff,                                Case No. 14-cv-14768

v                                              Honorable Thomas L. Ludington

SHERI ROYER, et al.,

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO TREAT DEFENDANTS' MOTIONS AS BROUGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56

On December 17, 2014, Plaintiff John Underhill filed a complaint alleging that Defendants unlawfully removed Underhill's daughter from his care. He contends that Defendants' actions violated his procedural and substantive Fourteenth Amendment rights, and he further seeks a declaratory judgment that the Michigan Child Custody Act is unconstitutional.

On February 2, 2015, Defendants filed their motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 14, 15. Defendant Judge Scott Pavlich seeks dismissal based on absolute judicial immunity, the *Rooker-Feldman* doctrine, and principles of abstention. Defendant Sheri Royer seeks dismissal based on qualified immunity and Underhill's failure to meet the grounds for declaratory relief.

On February 18, 2015, Underhill filed a "Motion to Treat Defendant's Motion(s) to Dismiss Brought Pursuant to Fed. R. Civ. Pro. 12(b) as if Brought Pursuant to Fed. R. Civ. Pro. 56 and to Allow Plaintiff Some Expedited Discovery Before the Motions are Heard". ECF No. 17. Although somewhat self-evident from the title, Underhill requests that this Court delay in

ruling on Defendants' motions until he is able to conduct some depositions.[1]   After conducting this discovery, Underhill continues, Defendants' motions should be converted to motions for summary judgment, so that he can use the deposition testimony in opposition to Defendants' motions.

Underhill's request to convert Defendants' motions will be denied.   Defendants' are masters of their motions; they are permitted to challenge any of Underhill's claims in the way they see fit. Here, they have chosen to challenge the facial validity of Underhill's claims.  *See Vaughn v. Office of the Judge for the Third Circuit Court*, 2015 WL 404254, at *5 (E.D. Mich. Jan. 29, 2015) ("A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.") .  When evaluating Defendants' motions, the Court must accept the factual allegations in Underhill's complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Underhill has not shown good cause for overruling Defendants' strategic choice in bringing a motion to dismiss that challenges the facial validity of Underhill's claims.

Accordingly, it is **ORDERED** that Plaintiff Underhill's Motion to Treat Defendants' Motion (ECF No. 17) is **DENIED**.

Dated: February 23, 2015                                           s/Thomas L. Ludington
                                                                            THOMAS L. LUDINGTON
                                                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2015.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS

---

[1] "This Plaintiff simply needs 5 depositions, which could be accomplished in the next 30 days, assuming some assistance from opposing counsel with scheduling.  With the above in mind, the Plaintiff seeks an order treating the Defendants' current motions as if brought pursuant to Fed. R. Civ. Pro. 56 and to allow the Plaintiff at least some limited discovery described above before the Defendants' current motions are heard." Mot. 15, ECF No. 17.